**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT BOWLING GREEN**
**CIVIL ACTION NO. 1:24CV-P114-JHM**

**COREY GULLEY**  PLAINTIFF

v.

**BARREN COUNTY DETENTION CENTER** *et al.*  DEFENDANTS

**MEMORANDUM OPINION**

Plaintiff Corey Gulley filed this *pro se* prisoner 42 U.S.C. § 1983 action. By prior Memorandum Opinion and Order, the Court conducted an initial review of the complaint pursuant to 28 U.S.C. § 1915A and dismissed the action without prejudice to Plaintiff filing an amended complaint to identify the specific individuals who he alleges denied him medical treatment and to state specifically how he alleges each denied him treatment. Plaintiff filed an amended complaint (DN 7), which the Court construes as a motion to reopen the action and amend the complaint. The Court will first undertake an initial review of the amended complaint pursuant to § 1915A to determine if the action should be reopened.

**I. SUMMARY OF FACTUAL ALLEGATIONS**

Plaintiff is a convicted inmate at the Barren County Detention Center (BCDC). In the amended complaint, he sues BCDC Lieutenant Jessica Estes and three BCDC deputies, Braden Thacker, Rob Richardson, and Jenny Kay. He sues these Defendants in their official capacities only.

Plaintiff states that he was involved in a physical altercation "where my left hand ring finger was severly broken." He further asserts as follows:

> I stated to Deputy Richardson that my ring finger was severly broken and that I needed medical attention and requested to go to the hospital to get it xrayed and was told there was nothing him or any other staff member could do anything

about it so I had to work up the courage to reset my own finger which hurt painfully and then it was just taped up and then I was placed in the whole my hand was never xrayed at [BCDC].

Plaintiff reports that two days later he was sent to Marion County Detention Center where he saw medical personnel and his hand was x-rayed. The x-ray showed that his finger was "severly broken [and] there they splinted my hand and wrapped it." He was sent back to BCDC a week later. He states that he was placed back in the hole "for a remainder of 4 days as I returned the splint was removed while it was still broken and [illegible] taped up which cause the pain to be very painful because I would hit it on the floor where I didn't have a mat where I was placed in the whole." He asserts that "it was only until I mentioned that Marion County stated that [BCDC] was libal for getting my hand fixed that's when they made the appointments to get my hand x-rayed and then the doctors there placed my hand in a cast so it could be set properly." He states that he was placed in medical until the cast came off. He maintains, "I can only bend my ring finger three forths of the way. That stops me getting a good grip with my left hand."

As relief, Plaintiff requests compensatory and punitive damages and to "dismiss charges."

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490

U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

### III. ANALYSIS

As he did in the original complaint, Plaintiff again sues Defendants in their official capacities only. As the Court found in its prior initial review of the original complaint, "[o]fficial-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Therefore, Plaintiff's official-capacity claims against Defendants are actually brought against their employer, Barren County. *Id.* at 165.

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). In regard to the second component, a municipality cannot be

held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. at 691; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

Plaintiff does not allege in the amended complaint that any action was taken pursuant to a policy or custom of Barren County. The allegations pertain only to himself. Accordingly, Plaintiff's official-capacity claims against each Defendant are subject to dismissal for failure to state a claim upon which relief may be granted.

Moreover, the Court dismissed the original complaint without prejudice to Plaintiff filing an amended complaint to identify the specific individuals who he alleges denied him medical treatment and to state specifically how he alleges each denied him treatment. In the amended complaint, Plaintiff only states specifically how one Defendant, Richardson, denied him medical treatment. He makes no allegations of how the other three Defendants denied him treatment.

### IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's motion to reopen and amend the complaint (DN 7) is **DENIED**.

However, the Court will give Plaintiff **one final opportunity** to file an amended

4

complaint **on or before January 9, 2024**, to identify the specific individuals who he alleges denied him medical treatment and to state specifically how he alleges each denied him treatment. Plaintiff must sue them in their individual capacities.

The **Clerk of Court is DIRECTED** to place this case number and word "Amended" on a § 1983 complaint form and send it to Plaintiff, along with three summons forms, should Plaintiff choose to amend the complaint.

Date: December 10, 2024

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.010